**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **JASON MANUEL REEVES** | * | **CASE NO. 2:19-CV-00925** |
| **VERSUS** | * | **JUDGE JAMES D. CAIN, JR.** |
| **DARREL VANNOY** | * | **MAGISTRATE JUDGE KAY** |

**OPPOSITION TO PETITIONER'S**
**MOTION FOR SUBPOENA TO PRODUCE DESIGNATED DOCUMENTS**

NOW INTO COURT comes the respondent, through the undersigned Assistant District Attorney, who in opposition to petitioner's motion for subpoena in the above captioned case respectfully responds as follows:

Petitioner filed his application for habeas relief on or about September 9, 2019. Doc. No. 13. Subsequently, petitioner filed a motion to stay this proceeding and hold it in abeyance pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), so that he may return to state court to present an unexhausted claim that the State's failed to disclose exculpatory evidence violated *Brady v. Maryland*, 373 U.S. 83 (1963). Memorandum in Support of Motion to Stay and Abey Federal Proceedings. Doc. 36-8, p. 1. He notes throughout his memo in support that the instant claim is unexhausted. Doc. 36-8 pp. 7, 9, 10.

In the present motion petitioner seeks to obtain court approval to issue a subpoena to a state agency in order to obtain information to support this unexhausted claim. Petitioner failed to note that the issue for which he is seeking to obtain the instant subpoena is not properly before this court as this issue was not included in the prior habeas filing. Nor is the issue currently pending

1

in any state court.  Thus, there is little legal or procedural support for the issuance of a subpoena when the issue has not even been presented in a pleading filed in this court.

Petitioner's stated basis for an order from this court for a subpoena is rooted in Rule 6 of the Habeas Rules which provide generally that a habeas petitioner may seek and a court may grant, upon a showing of good cause, discovery in certain cases and in accordance with the Federal Rules of Civil Procedure.  Of course, Rule 6 follows the other rules concerning habeas such as Rule 2 which requires a petitioner to list all of his claims and Rule 5 concerning the filing of an answer by the respondent, if so ordered.  Then and only then would consideration of discovery be appropriate.  With regard to the instant alleged *Brady* violation, petitioner has not filed a petition raising such a claim in this court, nor has the State answered such a claim.  Thus, there is no claim pending before this court that necessitates the issuance of a discovery subpoena under the Habeas Rules, nor under the Rules of Civil Procedure.

In *Cole v. Davis*, No. CV H-17-940, 2018 WL 6019165, pp. 1-2 (S.D. Tex. Nov. 16, 2018), the court considered a similar claim by a Texas death row inmate.  The Court noted:

> Civil litigants generally "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b). But "it is clear that there was no intention to extend to habeas corpus, as a matter of right, the broad discovery provisions" available to other civil litigants. *Harris v. Nelson*, 394 U.S. 286, 295 (1969). Rule 6(a) of the Rules Governing Section 2254 Cases provides the standard governing discovery in federal habeas cases. Rule 6(a) requires leave of the court before discovery becomes available. A federal court may authorize discovery only "for good cause" and "may limit the extent of discovery." The Supreme Court has tethered the "good cause" clause of Rule 6(a) to an inmate's burden to show an entitlement to federal habeas relief, *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997), but the Court has not extensively discussed what showing constitutes good cause.

Thus, Rule 6 standing alone, particularly at this stage of the proceedings provides little support for petitioner to obtain discovery related to his unexhausted and unfiled claim.

Further, as in the *Cole* case, the State objects 1) because this claim is still in the pre-pleading stage, 2) because the record cannot be expanded beyond evidence that was presented in state court with regard to any exhausted claim, and finally 3) discovery is not available for claims that was not presented to the state courts.

### I. Discovery follows pleading

This case is still in the pleading stage of the federal habeas process. Petitioner has filed a federal habeas petition and is currently seeking to have this matter held in abeyance so he can return to state court to exhaust this instant claim. Thus, this claim is not currently pending before this court.

Discovery is tied to the pleadings, particularly in habeas litigation, which does not allow discovery as an investigative tool to identify habeas claims. *See* Brian R. Means, FEDERAL HABEAS MANUAL § 6:10 (2017) ("Federal district courts do not have authority to order prepetition discovery in habeas cases, including capital cases."); Advisory Committee Notes to Rule 6 ("[R]equests for discovery in habeas proceedings normally follow the granting of an evidentiary hearing...."); *see also Lonchar v. Thomas*, 517 U.S. 314, 326 (1996) (discovery is available "once an answer has been ordered"). The Advisory Committee Notes to Rule 6 observe that "there may be instances in which discovery would be appropriate" before an evidentiary hearing, but the purpose of any "pre-hearing discovery [would be to] show an evidentiary hearing to be unnecessary...." *See also Blackledge v. Allison*, 431 U.S. 63, 81 (1997) (including discovery among "a variety of measures in an effort to avoid the need for an evidentiary hearing"); *East v. Scott*, 55 F.3d 996, 1000-01 (5th Cir. 1995) (discovery is a means of deciding whether an evidentiary hearing is *not* necessary).

Petitioner has not identified authority designating discovery as a tool for investigating a claim which has not yet been filed in federal court and where petitioner's stated intent is to return to state court to litigate the matter.

Extensive discovery early in habeas litigation precludes an accurate evaluation of what an inmate must show to obtain relief, if habeas review is available. *See Bracy*, 520 U.S. at 904 (recognizing the need to "identify the 'essential elements' of [a] claim" before "addressing whether [a] petitioner is entitled to discovery" under Rule 6); *Calderon v. U.S. Dist. Court for the Northern Dist. of California*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[A] prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery ...."); *Mayberry v. Petsock*, 821 F.2d 179, 185 (3rd Cir. 1987) ("Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery requests."). Until petitioner actually files a petition, and the State answers, the court will not have sufficient information to decide whether an evidentiary hearing is necessary or whether there is good cause for additional factual development. Thus, the discovery that petitioner seeks is premature at this stage of these federal proceedings.

## II. Discovery limitations on exhausted claims

Federal habeas review of state court convictions is limited in nature. The first such limitation is that the claim be exhausted in state court, meaning that the claim has been either litigated on the merits or procedurally barred from state court consideration. The instant claim has not been presented to the state courts, thus, it has not been exhausted and its inclusion in petitioner's current habeas petition would result in a "mixed" petition, i.e., one that contained exhausted as well as unexhausted claims. Prior to the enactment of the Antiterrorism and Effective

Death Penalty Act [AEDPA] the Supreme Court noted that federal courts cannot adjudicate mixed petitions but must give state courts the first opportunity to decide a petitioner's claims, thus, the Court required "total exhaustion" requirement and directed federal courts to effectuate that requirement by dismissing mixed petitions without prejudice and allowing petitioners to return to state court. *Rose v. Lundy,* 455 U.S. 509, 518-519, 102 S.Ct. 1198, 71 L.Ed.2d 379.

The subsequent enactment of the AEDPA placed many restrictions on the handling of federal habeas claims in addition to the exhaustion requirement. Where the state court "adjudicated [those claims] on the merits," AEDPA requires a petitioner to show that the state decision was "contrary to, or an unreasonable application of, federal law" under 28 U.S.C. § 2254(d)(1). In *Cullen v. Pinholster*, 563 U.S. 170 (2011), the Supreme Court held that a federal court's AEDPA review may look only at the facts developed in state court. *Pinholster* held that "evidence introduced in federal court has no bearing on § 2254(d)(1) review...." 563 U.S. at 185; *see also Williams v. Thaler*, 684 F.3d 597, 603 (5th Cir. 2012).

*Pinholster* explicitly addressed a federal court's *consideration* of new facts, but did not clarify whether AEDPA also confined a federal habeas petitioner's *development* of new facts. Federal precedent has used *Pinholster* to limit the federal habeas court's ability to develop new facts in the federal habeas process. The Fifth Circuit relies on *Pinholster* as an additional limit on federal habeas evidentiary hearings, *See Evans v. Davis*, 875 F.3d 210, 217 n.5 (5th Cir. 2017); *Allen v. Vannoy*, 659 F. App'x 792, 810 (5th Cir. 2016); *Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011). The Fifth Circuit has not addressed whether *Pinholster* limits discovery. The logic behind limiting factual development through evidentiary hearings and funding, however, applies with equal force to discovery requests. *See Soffar v. Stephens*, 2014 WL 12642575, at *2 (S.D.

5

Tex. 2014) ("Presumably, good cause cannot exist for discovery that would result in evidence a court cannot consider.").

Given the limitations of *Pinholster* and the current stage of the proceedings, petitioner's subpoena request would face an uncertain chance of success if that request was tied to one of the exhausted claims raised in the habeas petition. However, where it is not plead in his habeas petition, but is instead cited as a basis to return to state court, petitioner has failed to show that this court should issue the requested subpoena.

### III. Discovery limitations on unexhausted Claims

As noted earlier, petitioner freely admits that the claim for which he is seeking "discovery" is unexhausted. Likewise, it had not been specifically plead in a habeas petition pursuant to Rule 2 of the Habeas Rules.

Petitioner notes in his motion for subpoena that he has "sought more information regarding the CODIS hit from the LSP Crime Lab, which has refused to provide that information absent a subpoena requiring it to do so." Doc. No. 36-8, p. 2. However, petitioner's desire to obtain more information regarding a potential future state court claim does not provide a basis for a federal subpoena when the claim would be unexhausted, as petitioner acknowledges, should he file that claim in federal court at this time.

Federal habeas relief is available only if an inmate has "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The failure to exhaust a claim results in a federal procedural bar. *See Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992) (an unexhausted claim is procedurally defaulted for federal habeas purposes if the claim would now be procedurally barred by state court); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991) (same).

6

A petitioner cannot show good cause for discovery on a claim in a federal court if procedural impediments preclude considering the merits of that claim. *See Rucker v. Norris*, 563 F.3d 766, 771 (8th Cir. 2009); *Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004); *Campbell v. Dretke*, 117 F. App'x 946, 959 (5th Cir. 2004); *Royal v. Taylor*, 188 F.3d 239, 249 (4th Cir. 1999); *Calderon*, 144 F.3d at 621; *In re Pruett*, 133 F.3d 275, 277 n.1 (4th Cir. 1997); *See also Thompson v. Stephens*, 2014 WL 2765666, at *2 (S.D. Tex. 2014) ("As a threshold matter, however, a court must also take into account the procedural posture of an inmate's claims. A petitioner cannot show good cause if a federal court cannot reach the merits of the disputed claims."). A petitioner cannot "demonstrate that he is entitled to relief" when procedural impediments prevent full federal review. *Bracy*, 520 U.S. at 908-09.

In *Calderon v. U.S. Dist. Ct. for the N. Dist. of California*, 98 F.3d 1102, 1106–07 (9th Cir. 1996), a pre-AEDPA case, the Ninth Circuit noted:

> We conclude that pre-petition discovery is impermissible for at least four reasons. First, a prisoner must outline factual allegations in a petition before the district court will be able to determine the propriety of discovery. As the Supreme Court stated in *Harris v. Nelson,* 394 U.S. 286, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969), which established the basis for Rule 6: "[I]n appropriate circumstances, a district court, confronted by a petition for habeas corpus which establishes a prima facie case for relief, may use or authorize the use of suitable discovery procedures...." *Id.* at 290, 89 S.Ct. at 1086 (emphasis added); *see also Mayberry v. Petsock,* 821 F.2d 179, 185 (3d Cir.) (citation omitted) ("Unless the petition itself passes scrutiny, there would be no basis to require the state to respond to discovery requests."), *cert. denied,* 484 U.S. 946, 108 S.Ct. 336, 98 L.Ed.2d 362 (1987).
>
> Second, any right to federal discovery presupposes the presentation of an unexhausted federal claim, because a federal habeas petitioner is required to exhaust available state remedies as to each of the grounds raised in the petition. *See Duncan v. Henry,* 513 U.S. 364, ----, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995) (per curiam); *see also Keeney v. Tamayo-Reyes,* 504 U.S. 1, 9, 112 S.Ct. 1715, 1719-20, 118 L.Ed.2d 318 (1992) ("[t]he state court is the appropriate forum for resolution of factual issues in the first instance, and creating incentives for the deferral of factfinding to later federal-court proceedings can only degrade the

7

accuracy and efficiency of judicial proceedings"). Here, it is undisputed that Nicolaus has not sought the desired discovery from the California state court.

Third, Rule 6 is limited to "the processes of discovery available under the Federal Rules of Civil Procedure" and, with one inapplicable exception, the Federal Rules of Civil Procedure do not permit pre-complaint discovery. The exception arises when a party can show the need to perpetuate testimony that may not be available later. Fed.R.Civ.P. 27. Here, Nicolaus does not contend that his discovery request qualifies for this exception.

Fourth, courts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation. *See Ward v. Whitley,* 21 F.3d 1355, 1367 (5th Cir. 1994) (footnotes omitted) ("federal habeas court must allow discovery and an evidentiary hearing only where a factual dispute, if resolved in the petitioner's favor, would entitle him to relief.... Conclusory allegations are not enough to warrant discovery under Rule 6 ...; the petitioner must set forth specific allegations of fact. Rule 6 ... does not authorize fishing expeditions."), *cert. denied,* 513 U.S. 1192, 115 S.Ct. 1257, 131 L.Ed.2d 137 (1995); *United States ex rel. Nunes v. Nelson,* 467 F.2d 1380, 1380 (9th Cir.1972) (state prisoner "is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition"); *Aubut v. State of Maine,* 431 F.2d 688, 689 (1st Cir.1970) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence."). Nicolaus' eligibility for discovery is especially questionable because the prisoners in *Ward, Nunes,* and *Aubut* at least filed a federal habeas petition. If the ambiguous allegations of these prisoners were insufficient to justify discovery, then certainly the utter absence of any specific allegations should preclude discovery.

In sum, we hold that the district court clearly erred in granting Nicolaus' discovery request before Nicolaus presented specific allegations in the form of a verified petition.

In so holding, we reject Nicolaus' assertion that the "cause and prejudice" test, which must be met by prisoners who attempt to file a successive federal habeas petition that raises new claims, counsels in favor of generous pre-petition discovery. *See McCleskey v. Zant,* 499 U.S. 467, 498, 111 S.Ct. 1454, 1470, 1472, 113 L.Ed.2d 517 (1991) ("petitioner must conduct a reasonable and diligent investigation aimed at including all relevant claims and grounds for relief in the first federal habeas petition"); *Brown v. Vasquez,* 952 F.2d 1164, 1167 (9th Cir.) (habeas petitioner "must assert all possible violations of his constitutional rights in his initial application or run the risk of losing what might be a viable claim"), *cert. denied,* 503 U.S. 1011, 112 S.Ct. 1778, 118 L.Ed.2d 435 (1992). This argument is a thinly veiled attempt to justify fishing expeditions before the filing of first petitions. The rationale offered by Nicolaus would apply to every potential habeas petitioner, thus creating an exception that would swallow the exhaustion

8

rule. *See In re Parker,* 49 F.3d 204, 213 (6th Cir.1995) ("there is nothing in *McCleskey,* in *McFarland,* or in [21 U.S.C. § 848(q)(4)(B) ], that indicates that federal courts may intervene to prevent execution for an indefinite period to assist in [the preparation of the first federal habeas petition]").

Prisoners, such as Nicolaus, who come to federal court after having been denied habeas relief by the highest court of a state, may file a federal habeas petition that raises the same issues contained in their state habeas proceedings. Here, Nicolaus could have done that, but has not. In his state habeas proceedings, Nicolaus alleged juror misconduct, erroneous penalty instructions, and improper denial of separate guilt and penalty phase juries. Because Nicolaus exhausted these claims in state court, he could simply file a federal habeas petition raising these issues. In short, if Nicolaus wishes to allege formally that the FBI has withheld documents that he believes may tend to exonerate him, he should first bring such an unexhausted claim before the California state court.

Since the district court clearly erred in permitting discovery before the petition for writ of habeas corpus had been filed, Calderon has satisfied the third *Bauman* factor.

Thus, there is no procedural basis for the issuance of a subpoena for a claim that cannot be litigated in federal court at this time.

Based on the forgoing, respondent respectfully requests that the instant discovery based subpoena request be denied.

RESPECTFULLY SUBMITTED,
STEPHEN C. DWIGHT
DISTRICT ATTORNEY
DALE R. LEE
ASSISTANT DISTRICT ATTORNEY

/s/ *Karen C. McLellan*

KAREN C. MCLELLAN
ASSISTANT DISTRICT ATTORNEY
LA BAR ROLL NO. 28682
ATTORNEY FOR DARREL VANNOY
901 LAKESHORE DRIVE, SUITE 800
LAKE CHARLES, LA 70601
(337) 437-3400 Telephone/(337) 437-3306 Facsimile
kmclellan@cpdao.org

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing memorandum by using the CM/ECF system that will send a notice of electronic filing to all counsel of record on 12th day of March 2021.

/s/ *Karen C. McLellan*
KAREN C. MCLELLAN